# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | |
|---|---|
| PENNSYLVANIA RESTAURANT AND LODGING ASSOCIATION, STORMS RESTAURANT AND CATERING, LLC D/B/A STORMS RESTAURANT, LAWRENCEVILLE BREWERY, INC., D/B/A THE CHURCH BREW WORKS, 1215 INCORPORATED, D/B/A RITA'S ITALIAN ICE, DIRT DOCTORS CLEANING SERVICE, LLC, AND MODERN CAFE INC. | No. 57 WAP 2017 <br><br> Appeal from the Order of the Commonwealth Court entered May 17, 2017 at No. 79 CD 2016, affirming the Order of the Court of Common Pleas of Allegheny County entered December 21, 2015 at No. GD 15-16442 <br><br> ARGUED: October 23, 2018 |
| v. | |
| CITY OF PITTSBURGH | |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ | |
| APPEAL OF: SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ | |
| PENNSYLVANIA RESTAURANT AND LODGING ASSOCIATION, STORMS RESTAURANT AND CATERING, LLC D/B/A STORMS RESTAURANT, LAWRENCEVILLE BREWERY, INC., D/B/A THE CHURCH BREW WORKS, 1215 INCORPORATED, D/B/A RITA'S ITALIAN ICE, DIRT DOCTORS CLEANING SERVICE, LLC, AND MODERN CAFE INC. | No. 58 WAP 2017 <br><br> Appeal from the Order of the Commonwealth Court entered May 17, 2017 at No. 101 CD 2016, affirming the Order of the Court of Common Pleas of Allegheny County entered December 21, 2015 at No. GD 15-16442 <br><br> ARGUED: October 23, 2018 |

v.                          :
                            :
CITY OF PITTSBURGH, COUNSEL OF     :
THE CITY OF PITTSBURGH, AND        :
WILLIAM PEDUTO, AND SERVICE        :
EMPLOYEES INTERNATIONAL UNION      :
LOCAL 32 BJ                        :
                            :
                            :
APPEAL OF: SERVICE EMPLOYEES       :
INTERNATIONAL UNION LOCAL 32BJ     :
                            :
                            :
BUILDING OWNERS AND MANAGERS       :   No. 59 WAP 2017
ASSOCIATION OF PITTSBURGH          :
                            :   Appeal from the Order of the
                            :   Commonwealth Court entered May 17,
v.                          :   2017 at No. 100 CD 2016, affirming the
                            :   Order of the Court of Common Pleas of
                            :   Allegheny County entered December
                            :   17, 2015 at No. GD 15-13329
CITY OF PITTSBURGH, COUNCIL OF     :
THE CITY OF PITTSBURGH, AND        :
WILLIAM PEDUTO, AND SERVICE        :   ARGUED: October 23, 2018
EMPLOYEES INTERNATIONAL UNION      :
LOCAL 32 BJ                        :
                            :
                            :
APPEAL OF: SERVICE EMPLOYEES       :
INTERNATIONAL UNION LOCAL 32BJ     :
                            :
                            :
                            :   No. 60 WAP 2017
BUILDING OWNERS AND MANAGERS       :
ASSOCIATION OF PITTSBURGH          :
                            :   Appeal from the Order of the
                            :   Commonwealth Court entered May 17,
                            :   2017 at No. 102 CD 2016, affirming
v.                          :   the Order of the Court of Common
                            :   Pleas of Allegheny County entered
                            :   December 17, 2015 at No. GD 15-
                            :   13329
CITY OF PITTSBURGH, COUNCIL OF     :
THE CITY OF PITTSBURGH, AND        :
WILLIAM PEDUTO, AND SERVICE        :   ARGUED: October 23, 2018
EMPLOYEES INTERNATIONAL UNION      :
LOCAL 32 BJ                        :
                            :
                            :

[J-72A-2018, J-72B-2018, J-72C-2018, J-72D-2018, J-72E-2018, J-72F-2018, J-72G-2018, J-72H-2018] [MO: Wecht, J.]

| | |
|---|---|
| APPEAL OF: SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ | : <br> : <br> : |
| BUILDING OWNERS AND MANAGERS ASSOCIATION OF PITTSBURGH | : No. 61 WAP 2017 <br> : <br> : Appeal from the Order of the |
| v. | : Commonwealth Court entered May 17, <br> : 2017 at No. 100 CD 2016, affirming |
| CITY OF PITTSBURGH, COUNCIL OF THE CITY OF PITTSBURGH AND WILLIAM PEDUTO, AND SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ | : the Order of the Court of Common <br> : Pleas of Allegheny County entered <br> : December 17, 2015 at No. GD 15- <br> : 13329 <br> : <br> : ARGUED: October 23, 2018 |
| APPEAL OF: CITY OF PITTSBURGH, COUNCIL OF THE CITY OF PITTSBURGH, AND WILLIAM PEDUTO | : <br> : <br> : <br> : |
| BUILDING OWNERS AND MANAGERS ASSOCIATION OF PITTSBURGH | : No. 62 WAP 2017 <br> : <br> : Appeal from the Order of the |
| v. | : Commonwealth Court entered May 17, <br> : 2017 at No. 102 CD 2016, affirming <br> : the Order of the Court of Common |
| CITY OF PITTSBURGH, COUNCIL OF THE CITY OF PITTSBURGH AND WILLIAM PEDUTO, AND SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ | : Pleas of Allegheny County entered <br> : December 17, 2015 at No. GD 15- <br> : 13329 <br> : <br> : ARGUED: October 23. 2018 <br> : |
| APPEAL OF: CITY OF PITTSBURGH, COUNCIL OF THE CITY OF PITTSBURGH, AND WILLIAM PEDUTO | : <br> : <br> : <br> : |
| PENNSYLVANIA RESTAURANT AND LODGING ASSOCIATION, STORMS RESTAURANT AND CATERING, LLC D/B/A STORMS RESTAURANT, LAWRENCEVILLE BREWERY, INC., D/B/A THE CHURCH BREW WORKS, 1215 INCORPORATED, D/B/A RITA'S | : No. 63 WAP 2017 <br> : <br> : Appeal from the Order of the <br> : Commonwealth Court entered May 17, <br> : 2017 at No. 79 CD 2016, affirming the <br> : Order of the Court of Common Pleas <br> : of Allegheny County entered |

[J-72A-2018, J-72B-2018, J-72C-2018, J-72D-2018, J-72E-2018, J-72F-2018, J-72G-2018, J-72H-2018] [MO: Wecht, J.]

| | |
|---|---|
| ITALIAN ICE, DIRT DOCTORS CLEANING SERVICE, LLC, AND MODERN CAFE INC. | December 21, 2015 at No. GD 15-16442 |
| | ARGUED: October 23. 2018 |
| v. | |
| CITY OF PITTSBURGH | |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ | |
| APPEAL OF: CITY OF PITTSBURGH, COUNCIL OF THE CITY OF PITTSBURGH, AND WILLIAM PEDUTO | |
| PENNSYLVANIA RESTAURANT AND LODGING ASSOCIATION, STORMS RESTAURANT AND CATERING, LLC D/B/A STORMS RESTAURANT, LAWRENCEVILLE BREWERY, INC., D/B/A THE CHURCH BREW WORKS, 1215 INCORPORATED, D/B/A RITA'S ITALIAN ICE, DIRT DOCTORS CLEANING SERVICE, LLC, AND MODERN CAFE INC. | 64 WAP 2017 |
| | Appeal from the Order of the Commonwealth Court entered May 17, 2017 at No. 101 CD 2016, affirming the Order of the Court of Common Pleas of Allegheny County entered December 21, 2015 at No. GD 15-16442 |
| | ARGUED: October 23, 2018 |
| v. | |
| CITY OF PITTSBURGH, COUNCIL OF THE CITY OF PITTSBURGH, AND WILLIAM PEDUTO, AND SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ | |

[J-72A-2018, J-72B-2018, J-72C-2018, J-72D-2018, J-72E-2018, J-72F-2018, J-72G-2018, J-72H-2018] [MO: Wecht, J.]

- 4

APPEAL OF: CITY OF PITTSBURGH,    :
COUNCIL OF THE CITY OF       :
PITTSBURGH, AND WILLIAM PEDUTO  :


**CONCURRING AND DISSENTING OPINION**


**JUSTICE DOUGHERTY**               **DECIDED: JULY 17, 2019**

I agree with and fully support the Majority's discussion of the historical and legal background of the Home Rule Charter and Optional Plans Law (the Home Rule Law), as well as the Majority's legal analysis and interpretation regarding the powers and limitations granted to home rule municipalities. I further support the Majority's evaluation of the Business Exclusion limitation placed on home rule municipalities at 53 Pa.C.S. §2962(f). More specifically, I agree with the Majority's determination that the City of Pittsburgh (City) did not exceed its authority in enacting the Paid Sick Days Act (PSDA) because the PSDA has a "direct nexus with public health," and falls, in part, "within . . . the City's traditional police powers" authorizing it to overcome the Business Exclusion. Majority Op. at 34. However, I cannot agree with the Majority's disparate treatment of the City's Safe and Secure Buildings Act (SSBA). I would find, under the analysis performed by the Majority in interpreting the PSDA, the SSBA similarly has the requisite statutory authority to overcome the Business Exclusion. Accordingly, I join parts I, II, III, IV.A and IV.B, but must respectfully dissent from parts IV.C and V of the Majority Opinion.

As a threshold matter, I note we must exercise great care in discerning limits on the power of home rule municipalities to enact ordinances. The General Assembly specifically granted home rule municipalities expansive authority by providing:

> A municipality which has adopted a home rule charter may exercise any powers and perform any function not denied by the Constitution of Pennsylvania, by statute or by its home rule charter. All grants of municipal power to municipalities governed

by a home rule charter under this subchapter, whether in the form of specific enumeration or general terms, shall be liberally construed in favor of the municipality.

53 Pa.C.S. §2961. Additionally, "pursuant to the constitutional and statutory provisions authorizing home rule, a home rule municipality's exercise of power is presumed to be valid absent a specific constitutional or statutory limitation, and ambiguities are to be resolved in favor of the municipality." *In re Petition to Recall Reese*, 665 A.2d 1162, 1164 (Pa. 1995); *see also Devlin v. City of Philadelphia*, 862 A.2d 1234, 1242 (Pa. 2004), *citing* PA. CONST. art. IX, §2. We must also acknowledge the decision to become a home rule municipality is accomplished "by the affirmative vote of the electors of the City" and "[w]here [a home rule charter] is adopted by a constitutionally empowered electorate, it affords an example of pure democracy — the sovereign people legislating directly and not by representatives in respect of the organization and administration of their local government." *In re Addison,* 122 A.2d 272, 275-76 (Pa. 1956).

Keeping the above principles in mind, this Court's responsibility in interpreting ordinances passed by a home rule municipality is to protect the ability of an electorate — that constitutionally chose to be governed under the Home Rule Law — to govern itself by liberally construing home rule municipal powers in favor of the municipality. Accordingly, I agree with the Majority that an overly strict definition of express authority in this context would improperly "hamstring home-rule municipalities from exercising their home-rule authority in any way that burdens businesses[.]" Majority Op. at 34. An interpretation requiring specific, express authority is contrary to the intent of the General Assembly to give home rule municipalities greater power than if they had opted for other forms of government. As recognized by Justice Todd in her dissent in *Bldg. Owners & Managers Ass'n of Pittsburgh v. City of Pittsburgh*, 985 A.2d 711 (Pa. 2009), a strict application of the Business Exclusion resulting in a "zero-regulation interpretation" would

[J-72A-2018, J-72B-2018, J-72C-2018, J-72D-2018, J-72E-2018, J-72F-2018, J-72G-2018, J-72H-2018] [MO: Wecht, J.]

- 6

mean Home Rule municipalities have less power than non-home rule municipalities, and would be unable to engage in any meaningful governance. *Id.* at 716 (Todd, J., dissenting). In light of the above, I therefore agree the PSDA bears a clear nexus with public health concerns, and is thus supported by applicable statutory authority — *i.e.*, the City's traditional police powers and the Disease Prevention and Control Law of 1955 (DPCL), 35 P.S. §§521.1-521.21 — sufficient to overcome the Business Exclusion.

Based on these same principles, however, I must depart from the Majority's conclusion regarding the SSBA. In my respectful view, the Majority's determination that the SSBA does not overcome the Business Exclusion is the result of an imbalanced and inconsistent analysis, which I cannot endorse. While the Majority embraces a liberal construction of the City's home rule municipality powers in interpreting the DPCL and resolves all ambiguities in favor of local regulation, thus finding the requisite authority for the PSDA to overcome the Business Exclusion, Majority Op. at 26, the Majority fails to engage in an equally liberal construction when analyzing the City's proffered authority for the SSBA.[1] Rather, the Majority strictly interprets that statutory authority, and concludes

---

[1] The City asserts its power to enact the SSBA can be found in: (1) the Emergency Management Services Code at 35 Pa.C.S. §§7501-7504; (2) the Second Class City Code at 53 P.S. §25081, §23145, §23158 and §25092; (3) and the Home Rule Law at 53 Pa.C.S. §2962(c)(4). City's Brief at 24-32. More specifically the City notes the SSBA is authorized by the Emergency Management Code, which obligates the City to prepare for effective responses to disasters for the safety of the public. *Id.* at 25-28. In addition, the City notes the SSBA is enabled by its police powers to secure the general health and maintain the welfare of the City as provided by the Second Class City Code. *Id.* at 29-30, citing 53 P.S. §25081 (providing inspection authority to "decrease and prevent fire, the spread of fire, and fire waste, loss of life from fire, and loss of life or damage to property from unsafe or improper construction or design of buildings"); 53 P.S. §23145 (City has authority to "make regulations to secure the general health of the inhabitants, and to remove and prevent nuisances"); 53 P.S. §23158 ("To make all such ordinances, by-laws, rules and regulations, not inconsistent with the Constitution and laws of this Commonwealth, as may be expedient or necessary . . . for the . . . maintenance of the peace, good government and welfare of the city, and its trade, commerce and

[J-72A-2018, J-72B-2018, J-72C-2018, J-72D-2018, J-72E-2018, J-72F-2018, J-72G-2018, J-72H-2018] [MO: Wecht, J.]

- 7

it does not expressly allow the SSBA to overcome the Business Exclusion.  *See* Majority Op. at 37-43.

The Majority justifies its disparate treatment of the PSDA and SSBA as an effort to find a "middle ground" between interpreting the word "express" too stringently or too broadly.  *Id.* at 43.  I am unable, however, to reconcile what, in my view, is an incongruous analysis of the two ordinances.  In fact, the City submits arguably more applicable authority to support the SSBA, which the Majority dismisses in an abbreviated discussion. The Majority's unbalanced treatment is clear from a comparison of its truncated SSBA analysis with its lengthy interpretation of the DPCL to find authority for the PSDA.  The Majority's attempt at compromise is admirable but problematic, and will undoubtedly result in continuing disparate application and subjective judicial interpretation.

In my respectful opinion, judicial review should only be concerned with determining if the particular ordinance that imposes requirements on businesses is authorized by existing statutory authority.  Further, the analysis must always be conducted by liberally construing any ambiguities in the enabling legislation in favor of the home rule municipality's constitutional right to control its municipal affairs at the local level, and ensure it maintains broader powers of self-government than non-home rule municipalities. *See Hartman v. City of Allentown*, 880 A.2d 737, 742 (Pa. Cmwlth. 2005).

Under a uniform application, I would hold both the SSBA and the PSDA are supported by the requisite statutory authority to overcome the Business Exclusion.  I would thus reverse the Commonwealth Court's entry of judgment on the pleadings.

---

manufactures").  Lastly, the City asserts authority for the SSBA can be found in Section 2962(c)(4) of the Home Rule Law which provides a home rule municipality retains "the power . . . to enact and enforce ordinances relating to building codes or any other safety, sanitation or health regulation pertaining thereto."  *Id.* at 31, *quoting* 53 Pa.C.S. §2962(c)(4).